IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL JAMES SILVER,

    Plaintiff,

No. 3:14-cv-1047-HZ

OPINION & ORDER

    v.

MULTNOMAH COUNTY, et al,

    Defendants.

Daniel James Silver
15211 SE Division Street
Portland OR, 97238

    Pro Se Plaintiff

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

On July 1, 2014, Daniel James Silver filed an application to proceed in forma pauperis ("IFP") (dkt. #1), a complaint (dkt. #2), and a Motion for Appointment of Counsel (dkt. #3). For the reasons stated, Silver's application to proceed IFP is granted, his complaint is dismissed sua sponte for failure to state a cognizable claim, and his motion for appointment of counsel is denied.

STANDARDS

In connection with IFP actions such as this, district courts are obligated to dismiss sua sponte actions that are frivolous or malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Courts have a duty to liberally construe a pro se plaintiff's pleadings, but a court cannot supply essential elements of the claim that were not initially pled. See Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint must contain a short and plain statement of the claim and contain factual matters that, if accepted as true, are sufficient to state a facially plausible claim. FED. R. CIV. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citation omitted). A complaint states a plausible claim where the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When a court dismisses a complaint for failure to state a claim, the court should grant leave to amend "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possible cure the deficiency." DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quotation marks and citation omitted).

A district court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). There is not, however, a constitutional right to counsel in a civil case,

and 28 U.S.C § 1915 does not "authorize the appointment of counsel to involuntary service." United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986).  The decision to appoint counsel is "within the sound discretion of the trial court and is granted only in exceptional circumstances." Agyeman v. Corrections Corp. of Am., 290 F.3d 1101, 1103 (9th Cir. 2004) (quotation marks and citation omitted). A finding of exceptional circumstances depends on two factors: the plaintiff's likelihood of success on the merits, and the plaintiff's ability to articulate his or her claims in light of the complexity of the legal issues involved. Id. Neither factor is dispositive and both must be viewed together before ruling on a request for counsel. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

DISCUSSION

After examining Mr. Silver's application to proceed IFP, the court finds the Mr. Silver cannot afford the costs of this action. Mr. Silver's application (dkt. #1) is therefore granted and his IFP status is confirmed.

Mr. Silver's complaint names Multnomah County and two individuals, John O'Hara and Katherine Vonstage, as defendants. He asserts that this court has federal question jurisdiction, but his complaint does not state what federal Constitutional, statutory, or treaty right is at issue. Compl. at 2–3. He alleges two claims. Claim I reads in its entirety:

> Multnomah County seems to have some tax lien properties that went into repossession and sold for land development issues in south east Portland. There seems to be some taxes involved in the management of an estate by a power of attorney who won't give [an] honest public accounting of their business. As a result I am now homeless and going broke.

Compl. at 3.

//

//

3 - OPINION & ORDER

Claim II is similarly vague:

> They used the health care department and enforcement to evict and institutionalize me.

Compl. at 4.

Even construing those allegations liberally in Mr. Silver's favor, his complaint fails meet the requirements of Federal Rule of Civil Procedure ("Rule") 8(a) and fails to state a claim upon which relief can be granted.

For one, Mr. Silver does not provide any additional information about the individual defendants, John O'Hara and Katherine Vonstage. He does not specify if they are Multnomah County employees or officials, or if one or both of them is involved with his allegations regarding the "power of attorney" issue in claim I. He does not provide any facts about Mr. O'Hara or Ms. Vonstage's individual conduct as it relates to his claims. Without knowing more about their identities or their actions, the court cannot construe any plausible cause of action against them or evaluate whether the court might have personal jurisdiction over either Mr. O'Hara or Ms. Vonstage. Accordingly, whatever claims Mr. Silver has attempted to bring against Mr. O'Hara and Ms. Vonstage are dismissed, with leave to amend. Mr. Silver may, if he so desires, file an amended complaint, but that complaint must provide facts sufficient for the court to determine who these individuals are and what they did that allegedly harmed Mr. Silver.

To the extent the Court can construe Mr. Silver's claim as a § 1983 claim against Multnomah County, that claim fails as currently stated. Section 1983 creates a private right of action against persons who, acting under color of state law, violate an individual's federal constitutional or statutory rights. <u>Deveraux v. Abbey</u>, 263 F.3d 1070, 1074 (9th Cir. 2001). Municipalities are subject to liability under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or

the decision of a "final policymaker." <u>Ellins v. City of Sierra Madre</u>, 710 F.3d 1049 (9th Cir. 2013) (citing <u>Delia v. City of Rialto</u>, 621 F.3d 1069, 1081–82 (9th Cir. 2010)).

      Even construed liberally, Mr. Silver's complaint fails to allege facts sufficient to bring a § 1983 claim against Multnomah County. He does not provide any information about an official policy, custom, or decision-maker that harmed him. The court struggles to understand the series of events Mr. Silver describes in his complaint, and cannot piece together how the facts alleged might lead to a viable claim. Accordingly, Mr. Silver's claims against Multnomah County are dismissed, with leave to amend. Again, Mr. Silver may file an amended complaint, should he so choose. That new complaint must, however, contain enough facts stated with clarity to inform the court about the events that led to Mr. Silver's alleged injury.

      Mr. Silver's motion for appointment of counsel is also denied. As currently stated, his complaint does not contain information sufficient for the court to construe a valid claim, much less to assess the complexity of the legal issues involved or the likelihood of success on the merits. <u>See</u> <u>Palmer</u>, 560 F.3d at 970. Should Mr. Silver choose to file an amended complaint, he may file another motion for appointment of counsel at that time.

//
//
//
//
//
//
//
//

5 - OPINION & ORDER

## CONCLUSION

For the reasons stated, Silver's application to proceed <u>in forma pauperis</u> is granted and his IFP status is confirmed. His complaint is dismissed sua sponte without prejudice for failure to state a cognizable claim, and his motion for appointment of counsel is denied. Mr. Silver shall file an amended complaint, consistent with this Opinion & Order, within 30 days of the date below.

IT IS SO ORDERED.

Dated this 31 day of July, 2014.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge